IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FLAGSHIP CREDIT CORPORATION,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | **NO.** |
| § | |
| **INDIAN HARBOR INSURANCE** § | |
| **COMPANY,** § | |
| § | |
| **Defendant.** § | |

## COMPLAINT

Plaintiff, Flagship Credit Corporation ("Flagship"), by and through its undersigned attorneys, hereby files this Complaint against Defendant Indian Harbor Insurance Company ("Indian Harbor"), and in support thereof avers as follows:

## NATURE OF THIS ACTION

1.      This is an action for declaratory relief and anticipatory breach of contract which arises from Indian Harbor's denial of insurance coverage to Flagship under a professional liability insurance policy issued by Indian Harbor to Flagship for a claim asserted against Flagship by Glynn Hartt ("Hartt").

2.      In particular, on December 10, 2009, Hartt commenced an action against Flagship by filing a complaint in the Court of Common Pleas for Philadelphia County, Pennsylvania. Flagship timely removed that action to the United States District Court for the Eastern District of Pennsylvania, where it is captioned as *Hartt v. Flagship Credit Corp.*, No. 10-CV-00822(NS) (the "*Hartt* Lawsuit").

## THE PARTIES AND JURISDICTION

3. Flagship is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 3 Christy Drive, Suite 201, Chadds Ford, PA 19317.

4. Upon information and belief, Indian Harbor is a corporation organized and existing under the laws of North Dakota, with its home office at 314 East Thayer Avenue, Bismarck, North Dakota, 58501, and its administrative office at 70 Seaview Avenue, Stamford, Connecticut, 06902.

5. Upon information and belief, Indian Harbor is a wholly-owned subsidiary of XL Insurance, it does business as a surplus lines insurer throughout the United States, including in Texas, and it is in the business of selling corporations various types of property and casualty insurance, including professional lines insurance.

6. Upon information and belief, Indian Harbor regularly conducts business in Texas and regularly issues to companies located in Texas, or with operations in Texas, professional liability insurance policies that cover the companies for liabilities they may incur by reason of those operations.

7. Flagship regularly conducts business in Texas.

8. The *Hartt* Lawsuit for which Flagship seeks coverage in this action arises from operations of Flagship in Texas.

9. The only claim asserted against Flagship in the *Hartt* Lawsuit is a claim under the Texas Business and Commerce Code.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(a)(1) and (a)(2) because Indian Harbor resides in Texas and a substantial part of the events giving rise to the claim in the underlying *Hartt* Lawsuit occurred in Texas.

## THE RELEVANT FACTS

12. Indian Harbor issued a commercial professional liability insurance policy to Flagship bearing policy number ELU 110773-09, with limits of liability of $3 million, and effective between April 20, 2009 and April 20, 2010 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A and incorporated by reference.

13. The Policy obligates Indian Harbor to pay on behalf of Flagship any "Loss" resulting from a claim made against the company during the policy period, subject to the limit of liability.

14. The *Hartt* Lawsuit is a "Claim" as that term is defined in the Policy.

15. The Policy defines "Loss," in pertinent part, to mean "damages, judgments, settlements or other amounts (including punitive or exemplary damages, where insurable by law) ... that the Insured is legally obligated to pay."

16. The Complaint in the *Hartt* Lawsuit alleges that it is "a consumer class action brought pursuant to the Texas version of Article 9 of the Uniform Commercial Code, *i.e.*, Chapter 9 of the Texas Business & Commerce Code.

17. On or about March 10, 2010, Hartt filed an Amended Complaint in the *Harrt* Lawsuit, which, like the original Complaint, asserted solely a claim against Flagship under the Texas Business & Commerce Code on behalf of a putative class of Texas customers. A true and correct copy of the Amended Complaint in the *Hartt* Lawsuit is attached hereto as Exhibit B and incorporated by reference.

18. The *Hartt* Lawsuit seeks to recover from Flagship the statutory minimum damages available for an alleged violation of § 9.625(c) of the Texas Business and Commerce Code.

19. On or about January 29, 2010, Flagship tendered the *Hartt* Lawsuit to Indian Harbor for defense and indemnity.

20. On or about February 4, 2010, Indian Harbor sent a letter to Flagship advising that it would defend Flagship against the claim asserted in the *Hartt* Lawsuit.

21. On or about February 8, 2010, Indian Harbor sent another letter to Flagship and asserted that it reserved the right to deny coverage for any amount that did not constitute "Loss" under the Policy, including "any amount ... *in the nature of* fines, penalties or taxes imposed by law." (emphasis added)

22. Between February and September 2010 Flagship has been fully cooperating with Indian Harbor in connection with the defense of the *Hartt* Lawsuit.

23. A mediation has been scheduled for October 7, 2010 in an effort to resolve the *Hartt* Lawsuit.

24. On September 20, 2010, less than three weeks before the scheduled mediation, counsel for Indian Harbor sent a letter to counsel for Flagship in the *Hartt* Lawsuit stating that "the relief being sought" in connection with the *Hartt* Lawsuit "is not covered under the Policy." In particular, Indian Harbor's counsel asserted that an exclusion in the Policy whereby "Loss" does not include "… penalties … imposed by law" precluded coverage for the damages sought in the *Hartt* Lawsuit.

25. Indian Harbor has issued this denial of coverage even though Section 9.625(c)(2) of the Texas Business and Commerce Code, the statutory provision under which Hartt is seeking

recovery, expressly provides for the recovery of damages in at least minimum amount determined under the statute, and that statutory provision does not provide for the recovery of a "penalty." Indeed, nowhere does the Texas Business & Commerce Code characterize the amount in issue as a "penalty."

26. On October 1, 2010, counsel for Flagship wrote to counsel for Indian Harbor indicating that Indian Harbor's denial of any obligation to indemnify Flagship in the *Hartt* Lawsuit, as set forth in Indian Harbor's September 20 letter, constituted a material breach of contract, and demanding that Indian Harbor withdraw its denial of coverage.

27. On information and belief, Indian Harbor will persist in its position that the minimum statutory damages sought in the *Hartt* Lawsuit are an excluded "penalty," and, thus, that Indian Harbor will fail and refuse to pay any reasonable settlement that may be achieved either at the October 7, 2010 mediation or at any subsequent time.

## COUNT ONE: DECLARATORY JUDGMENT

28. Flagship hereby incorporates by reference the averments in paragraphs 1 through 27 of the Complaint as fully as if the same were set forth at length herein.

29. An actual controversy of a justiciable nature currently exists between Flagship and Indian Harbor concerning the obligations of Indian Harbor to provide indemnity to Flagship in the *Hartt* Lawsuit.

30. A declaratory judgment will conclusively clarify and define the legal rights of the parties with respect to whether or not the damages sought in the *Hartt* Lawsuit are, as Indian Harbor contends, an excluded "penalty" under the Policy, and, thus, the obligation of Indian Harbor to indemnify Flagship against any liability it may incur in the *Hartt* Lawsuit.

WHEREFORE, Plaintiff Flagship seeks a declaratory judgment in its favor and against

Indian Harbor adjudging and decreeing that the damages sought in the *Hartt* Lawsuit are within the definition of "Loss" in the Policy, and, thus, that Indian Harbor is obligated under the Policy to indemnify Flagship against any liability Flagship may incur to the plaintiffs in the *Hartt* Lawsuit.

## COUNT TWO: BREACH OF CONTRACT

31.     Flagship hereby incorporates by reference the averments in paragraphs 1 through 30 of the Complaint as fully as if the same were set forth at length herein.

32.     Indian Harbor's denial of coverage for any liability that Flagship may incur for minimum statutory damages under Section 9.625(c)(2) of the Texas Business and Commerce Code in the *Hartt* Lawsuit, and its denial of any obligation to attempt to settle the claims asserted in that lawsuit, constitute a material breach of Indian Harbor's obligations to Flagship under the Policy.

WHEREFORE, Plaintiff Flagship seeks judgment for any damages it has suffered or may suffer as a result of Indian Harbor's breach of contract, including, without limitation: (a) Flagship's costs and fees incurred in bringing this action; (b) consequential damages in the event Flagship becomes insolvent and/or is unable to continue in business in the event of an adverse judgment in the *Hartt* Lawsuit; and (c) such other and further relief as this Court deems just and equitable.

Dated: October 1, 2010

Respectfully submitted,

/s/
Denise Scofield, Bar No. 00784934
Patrick K.A. Elkins, Bar No. 24045829
Morgan, Lewis & Bockius LLP
1000 Louisiana Street
Suite 4000
Houston, TX  77002

Of Counsel:

Richard F. McMenamin
Kathryn Potalivo
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103

ATTORNEYS FOR PLAINTIFF
FLAGSHIP CREDIT CORPORATION