clf\cosgrove-citizens\pleadings\amended class complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLYNN HARTT, individually and on behalf of all others similarly situated, 2371 CR 256 Nacogdoches, TX 75965,<br>                                    Plaintiff,<br><br>vs.<br><br>FLAGSHIP CREDIT CORPORATION 3 Christy Drive, Suite 201 Chadds Ford, PA 19317,<br>                                    Defendant. | CLASS ACTION<br><br><br><br><br><br>NO. 10-cv-00822(NS) |

## AMENDED COMPLAINT

### I. INTRODUCTION

1. This is a consumer class action against an auto finance company brought pursuant to the Texas version of the Uniform Commercial Code ("UCC" or "Code"), Tex. Bus. & Com. Code §9.601, *et seq*. The UCC requires secured parties to strictly comply with post-repossession notice requirements.

2. Defendant Flagship Credit Corporation ("Flagship") is a Pennsylvania based automobile-finance company. When Flagship believes that a consumer has defaulted on a loan, it repossesses and re-sells the consumer's vehicle. In the course of repossessing vehicles, Flagship failed both substantively and procedurally to provide plaintiff and the class with the reasonable authenticated notice of disposition of collateral required under the UCC.

3. Because self-help repossession effects a seizure of property without judicial authorization or oversight, the UCC requires secured creditors like Flagship to adhere strictly to the code's notice rules. Failure to provide proper notice of disposition of repossessed consumer



goods as directed by the UCC is a violation of the code that yields uniform statutory minimum damages.

## II. JURISDICTION

4. Plaintiff originally filed this action in the Philadelphia Court of Common Pleas on December 10, 2009, at December Term, 2009, No. 00801. On or about February 25, 2010, Flagship removed the matter to this Court asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

5. In so removing, Flagship's declarant attested to 902 class members, and statutory damages (according to the Common Pleas class complaint pled by Hartt) in excess of $5 million dollars. If true as attested, this would meet the threshold for jurisdiction under CAFA. *Id.* Relying thereon, Plaintiff here invokes subject matter jurisdiction under CAFA.

6. Jurisdiction arises under CAFA, codified in pertinent part at 28 U.S.C. §1332(d), as having been so informed:

(a) The amount in controversy exceeds $5,000,000, exclusive of interest and costs; and

(b) There exists sufficient diversity of citizenship between the members of this Texas class and the Pennsylvania defendant.

## III. PARTIES

7. Plaintiff Glynn Hartt, (hereinafter "Hartt") is an adult individual who resides 2371 CR 256, Nacogdoches, TX 75965.

8. Defendant Flagship Credit Corporation ("Flagship") is believed to be a Delaware corporation with its principal place of business located at 3 Christy Drive, Suite 201, Chadds Ford, PA 19317.

9. Flagship regularly does business within this District and has its principal place of business in this district.

10. Flagship is in the business of vehicle financing through car dealerships or by assignment.

## IV. STATEMENT OF CLAIM

11. On or about October 20, 2007, Plaintiff Hartt obtained an automobile loan through a car dealer from Defendant Flagship to finance the purchase of a Hyundai automobile. A copy of the loan contract ("Contract") is appended hereto as Exhibit "A". (Redacted per Fed. R. Civ. Pro. 5.2).

12. Pursuant to the terms of the loan contract, Flagship, as assignee, was the lender and secured party.

13. Shortly after entering into the car loan, Hartt fell behind in his payment.

14. In early March, 2008, Flagship, as the lender and secured party, repossessed Hartt's vehicle or directed that it be repossessed.

15. On or about March 10, 2008, after repossessing the vehicle, Flagship sent to plaintiff a "Notice of Intent to Sell Property" (the "Notice"). A copy of the Notice is attached hereto as Exhibit "B".

16. Article 9 of the UCC governs vehicle finance transactions such as this.

17. As the retail installment contract and repossession occurred in Texas and the contract contains a Texas choice of law provision (¶8), Texas substantive law applies.

18. Under the UCC, Flagship was required to provide "reasonable authenticated notification of disposition" of the collateral to the consumer. Tex. Bus. & Com. Code §9.611.

3

19. Contents of a reasonable notice as contemplated by the UCC are found at Sections 9.613 and 9.614 of the code, and in the parties' agreement.

20. Under the UCC and governing law, notice of disposition of collateral is a key component of the statutory right to self-help repossession as it provides important information concerning an impending forced sale of the consumer's vehicle, and sum(s) necessary to get the car back.

21. Flagship did not send a proper notice of disposition as required under the UCC to Hartt and the Class.

22. Flagship's Notice states that the vehicle may be sold "at a private sale or auction within 10 days from the date of this letter." (Ex. "B", emphasis added). Flagship's Contract provides that "we will send you notice at least 10 days before we sell it." (Ex. "A" at ¶ 3F).

23. Flagship failed to provide proper notification of disposition to Hartt and the class by:

(a) Failing to state that the "debtor is entitled to an accounting of the unpaid Indebtedness, and ... the charge, if any, for an accounting." Tex. Bus. & Com. Code §9.613(1)(D) (actionable under 9.614(1)(A));

(b) Failing to provide "a description of any liability for a deficiency." Tex. Bus. & Com. Code §9.614(1)(B);

(c) Failing to provide "a telephone number from which the amount that must be paid to the secured party to redeem the collateral under Section 9.623 is available." Tex. Bus. & Com. Code § 9.614(1)(c); and

(d) Failing to provide adequate notice of sale, and the proper time after which disposition is to be made. Tex. Bus & Com. Code § 9.613(1)(E), 9.614(1)(A).

4

24. Tex. Bus. & Com. Code § 9.625(c)(2) (UCC 9-625) provides for minimum damages for a secured party's failure to follow the law. It provides:

> "(2) if the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this subchapter may recover for that failure in any event an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time price differential plus 10 percent of the cash price."

25. The Official Comment to this section of the UCC in Texas makes clear that the statutory damages are both uniform and intended by the Act, regardless of whether "actual damages" are greater, lesser or even absent. The Uniform Commercial Code Comment to 9.625(c)(2) provides in pertinent part:

> "4. **Minimum Damages in Consumer-Goods Transactions.** Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary obligor in a consumer-goods transaction. It is patterned on former Section 9-507(1) and is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may have resulted."

26. As set forth above, Flagship did not act in a commercially reasonable manner toward Plaintiff and the class. Tex. Bus. & Com. Code §9.610.

## V. CLASS ALLEGATIONS

27. Plaintiff brings this action on his own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

28. The class is composed of all Texas residents to whom defendant failed to provide requisite notice(s) following the repossession of a motor vehicle(s) by Flagship.

29. Plaintiff proposes to define the class as:

    (a) all persons with addresses in the State of Texas;

  (b) who originally or through assignment financed a motor vehicle with Flagship primarily for consumer use, and pledged the vehicle as collateral for the loan;

  (c) from whom Flagship, as secured party, repossessed the vehicle or caused it to be repossessed;

  (d) who were sent a post-repossession notice that 1) did not advise the debtor that he/she is entitled to an accounting; or 2) did not provide a description of any liability for deficiency; or 3) did not state a telephone number from which the amount needed to cure or redeem could be obtained, if the customer so chose; or 4) stated that it is Flagship's intention to sell this vehicle at a private sale or auction within 10 days from the date of this letter; or 5) any combination thereof; or 6) were not sent any post-repossession notice.

  (e) in the period commencing December 10, 2005, through the date of class certification.

30. The Class is believed to be so numerous that joinder of all members is impractical. The suit concerns, upon representation of Defendant, over 900 vehicle repossessions by Flagship.

31. There are questions of law or fact common to the class. These include:

  (a) Whether defendant financed and repossessed a vehicle belonging to a class member;

  (b) Whether defendant sent or failed to send the notice(s) required under the UCC after repossessing a vehicle;

  (c) The applicability of uniform statutory damages provided for such misconduct.

6

32. Hartt's claims are typical of the claims of the Class. All are based on the same factual and legal theories. The rights derive from written, form contracts and a uniform statute of one state. The violation derives from written, form repo-notice letters that fail to conform.

33. Hartt will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in consumer litigation and consumer class actions.

34. The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumer debtors, who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the UCC, have been violated.

35. The Class should be certified under Fed.R.Civ.P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy.

36. Plaintiff also seeks a declaration that the form of Notice used by Flagship fails to comport with the law.

## UNIFORM COMMERCIAL CODE

37. Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

38. Defendant violated the Texas Uniform Commercial Code by failing to provide in the form and manner the notice required thereunder after repossessing a vehicle.

39. Defendant failed to provide "reasonable authenticated notice of disposition" as required under the UCC to Plaintiff and the class.

40. Defendant's failure to comply with the requirements of Subchapter 6 of Article 9 renders Defendant liable for minimum damages in the amount provided by §9.625(c).

**WHEREFORE,** plaintiff prays that this Court certify the class and enter a judgment for plaintiff and the class members against defendant Flagship Credit Corporation:

    (a)    awarding damages to plaintiff and to the class as provided under the UCC;

    (b)    awarding plaintiff and the class their costs, interest and fees as allowable;

    (c)    a declaration that the repossession notice utilized by Flagship in respect to plaintiff and the class fails to comport with the provisions of the UCC;

    (d)    granting such other relief as may be deemed just and proper.

## VI. JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 3/10/10

/s/ *Cary Flitter (CLF 5997)*
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

**LUNDY, FLITTER,
BELDECOS & BERGER, P.C.**
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782

# EXHIBIT "A"

## MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT
### SIMPLE FINANCE CHARGE

Dealer Number P32417    Contract Number _____

| BUYER | GLYNN HARTT | SELLER/CREDITOR | REX PERRY AUTOPLEX |
|---|---|---|---|
| ADDRESS | 2371 CR 256 | ADDRESS | P.O. BOX 632710 |
| CITY | NACOGDOCHES  STATE TX  ZIP 75965 | CITY | NACOGDOCHES  STATE TX  ZIP 75963 |
| PHONE | ███████████ | PHONE | (936)564-4688 |

| CO-BUYER | |
|---|---|
| ADDRESS | |
| CITY | STATE    ZIP |
| PHONE | |

The Buyer is referred to as "you" or "your." The Seller is referred to as "we" or "us." This contract may be transferred by the Seller.

**PROMISE TO PAY:** The credit price is shown below as the "Total Sales Price." The "Cash Price" is also shown below. By signing this contract, you choose to purchase the vehicle on credit according to the terms of this contract. You agree to pay us the Amount Financed, Finance Charge, and any other charges in this contract. You agree to make payments according to the Payment Schedule in this contract. If more than one person signs as a buyer, you agree to keep all the promises in this agreement even if the others do not.

You have thoroughly inspected, accepted, and approved the vehicle in all respects.

### VEHICLE IDENTIFICATION

| YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER | ☒ NEW ☐ DEMONSTRATOR ☐ FACTORY OFFICIAL/EXECUTIVE ☐ USED | USE FOR WHICH PURCHASED ☒ PERSONAL, FAMILY, OR HOUSEHOLD ☐ BUSINESS OR COMMERCIAL ☐ AGRICULTURAL |
|---|---|---|---|---|---|
| 2007 | HYUNDAI | SONATA | ███████2439 | | |

Trade-In: Year 2004 / 2005   Make DODGE / HYUNDAI   Model NEON / SANTA FE   VIN █████23786 / █████4796   License No. ████

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $0.00 |
|---|---|---|---|---|
| 14.90 % | $ 14644.55 | $ 28242.97 | $ 42887.52 | $ 42887.52 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 595.66 | Monthly beginning 11/19/2007 |
| | | Or as follows   N/A |

**Late Charge:** If we do not receive your entire payment within 15 days after it is due (10 days if you are buying a heavy commercial vehicle), you will pay a late charge of 5% of the scheduled payment.
**Prepayment.** If you pay all that you owe early, you will not have to pay a penalty.
**Security Interest.** We will have a security interest in the vehicle being purchased.
**Additional Information:** See this document for more information about nonpayment, default, security interests, and any required repayment in full before the scheduled date.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including any accessories, services, taxes, _____
   SALES TAX   $ 320.63   N/A _____   $ N/A
   N/A _____   $ N/A, and N/A _____   $ N/A)   $ 23950.63 (1)

2. Total Downpayment = (if negative, enter "0" and see Line 4A below)
   Gross Trade-In                        $ 16000.00
   – Pay Off Made By Seller              $ 22000.00
   = Net Trade In                        $ -6000.00
   + Cash                                $ N/A
   + Mfrs. Rebate                        $ 2500.00
   + Other (describe) N/A                $ N/A
   Total Downpayment                     $ 0.00 (2)

3. Unpaid Balance of Cash Price (1 minus 2)   $ 23950.63 (3)

4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts.)
   A. Net trade-in payoff to EAST TEXAS /   $ 3500.00

### PROPERTY INSURANCE.
You must keep the collateral insured against damage or loss in the amount you owe. You must keep this insurance until you have paid all that you owe under this contract. You may obtain property insurance from anyone you want or provide proof of insurance you already have. The insurer must be authorized to do business in Texas. You agree to give us proof of property insurance. You must name us as the person to be paid under the policy in the event of damage or loss.

If any insurance is checked below, policies or certificates from the insurance companies will describe the terms, conditions, and deductibles.

### Optional Credit Life and Credit Disability Insurance

Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. Your decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

☐ Credit Life, one buyer    $ N/A   Term N/A
☐ Credit Life, both buyers  $ N/A   Term N/A
☐ Credit Disability, one buyer $ N/A Term N/A
☐ Credit Disability, both buyers $ N/A Term N/A

N/A
(Insurance Company)

N/A
(Home Office Address)

Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments.
If the term of the insurance is 121 months or longer, the premium is not fixed or approved by the Texas Insurance Commissioner.

You want the insurance indicated above.

X _____

| CITY | NACOGDOCHES | STATE | TX | ZIP | 75965 | CITY | NACOGDOCHES | STATE | TX | ZIP | 75963 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PHONE | | | | | | PHONE | (936)564-4688 | | | | |

| CO-BUYER | |
|---|---|
| ADDRESS | |
| CITY | STATE ZIP |
| PHONE | |

The Buyer is referred to as "you" or "your." The Seller is referred to as "we" or "us." This contract may be transferred by the Seller.

**PROMISE TO PAY:** The credit price is shown below as the "Total Sales Price." The "Cash Price" is also shown below. By signing this contract, you choose to purchase the vehicle on credit according to the terms of this contract. You agree to pay us the Amount Financed, Finance Charge, and any other charges in this contract. You agree to make payments according to the Payment Schedule in this contract. If more than one person signs as a buyer, you agree to keep all the promises in this agreement even if the others do not.

You have thoroughly inspected, accepted, and approved the vehicle in all respects.

## VEHICLE IDENTIFICATION

| YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER | ☒ NEW ☐ DEMONSTRATOR ☐ FACTORY OFFICIAL/EXECUTIVE ☐ USED | USE FOR WHICH PURCHASED ☒ PERSONAL, FAMILY, OR HOUSEHOLD ☐ BUSINESS OR COMMERCIAL ☐ AGRICULTURAL |
|---|---|---|---|---|---|
| 2007 | HYUNDAI | SONATA | 5NPEU46F77H202439 | | |

Trade-In: Year 2004 2005  Make DODGE HYUNDAI  Model NEON SANTA FE  VIN ___3786 ___4796  License No. _____

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $0.00 |
|---|---|---|---|---|
| 14.90 % | $ 14644.55 | $ 28242.97 | $ 42887.52 | $ 42887.52 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 595.66 | Monthly beginning 11/19/2007 |
| | | Or as follows  N/A |

**Late Charge:** If we do not receive your entire payment within 15 days after it is due (10 days if you are buying a heavy commercial vehicle), you will pay a late charge of 5% of the scheduled payment.

**Prepayment.** If you pay all that you owe early, you will not have to pay a penalty.

**Security Interest.** We will have a security interest in the vehicle being purchased.

**Additional Information:** See this document for more information about nonpayment, default, security interests, and any required repayment in full before the scheduled date.

### ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including any accessories, services, taxes, _____
  SALES TAX  $ 320.63  N/A _____ $ _____ N/A _____
  N/A _____ $ _____ N/A , and N/A _____ $ _____ N/A ) $ 23950.63 (1)

2 Total Downpayment = (if negative, enter "0" and see Line 4A below)
  Gross Trade-In  $ 16000.00
  − Pay Off Made By Seller  $ 22000.00
  = Net Trade In  $ −6000.00
  + Cash  $ N/A
  + Mfrs. Rebate  $ 2500.00
  + Other (describe) N/A  $ N/A
  Total Downpayment  $ 0.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2)  $ 23950.63 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
  (Seller may keep part of these amounts.)
  A Net trade-in payoff to  EAST TEXAS /  $ 3500.00
  B Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
    Life  $ N/A
    Disability  $ N/A  $ N/A
  C Other Optional Insurance Paid to the Insurance Company  $ 574.46
  D Official Fees Paid to Government Agencies  $ 11.00

**PROPERTY INSURANCE.** You must keep the collateral insured against damage or loss in the amount you owe. You must keep this insurance until you have paid all that you owe under this contract. You may obtain property insurance from anyone you want or provide proof of insurance you already have. The insurer must be authorized to do business in Texas. You agree to give us proof of property insurance. You must name us as the person to be paid under the policy in the event of damage or loss.

If any insurance is checked below, policies or certificates from the insurance companies will describe the terms, conditions, and deductibles.

### Optional Credit Life and Credit Disability Insurance

Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. Your decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

☐ Credit Life, one buyer   $ N/A  Term N/A
☐ Credit Life, both buyers $ N/A  Term N/A
☐ Credit Disability, one buyer $ N/A  Term N/A
☐ Credit Disability, both buyers $ N/A  Term N/A

N/A
(Insurance Company)
N/A
(Home Office Address)

Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the term of the insurance is 121 months or longer, the premium is not fixed or approved by the Texas Insurance Commissioner.

You want the insurance indicated above.

X _____
Buyer's signature                  Date

X    N/A                            N/A
Co-Buyer's signature               Date

### Optional Insurance Coverages

The insurance described below is not required to obtain credit. It will not be provided unless you sign and agree to pay the

| | | | |
|---|---|---|---|
| 1) to N/A | for N/A | $ | N/A |
| 2) to N/A | for N/A | $ | N/A |
| 3) to N/A | for N/A | $ | N/A |
| E Dealer's Inventory Tax (If Not Included in Cash Price) | | $ | 45.33 |
| F Sales Tax (If Not Included in Cash Price) | | $ | N/A |
| G Other Taxes (If Not Included in Cash Price) | | $ | N/A |
| H Government License and/or Registration Fees LIC FEE=$59.80 | | $ | 59.80 |
| I Government Certificate of Title Fees | | $ | 28.00 |
| J Government Vehicle Inspection Fees | | $ | 23.75 |
| K Deputy Service Fee Paid to Dealer | | $ | N/A |
| L Documentary Fee (Cargo Documental) | | $ | 50.00 |

A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATING TO THE CLOSING OF A SALE. A DOCUMENTARY FEE MAY NOT EXCEED $50 FOR A MOTOR VEHICLE CONTRACT OR A REASONABLE AMOUNT AGREED TO BY THE PARTIES FOR A HEAVY COMMERCIAL VEHICLE CONTRACT. THIS NOTICE IS REQUIRED BY LAW.

UN CARGO DOCUMENTAL NO ES UN CARGO OFICIAL. LA LEY NO EXIGE QUE SE IMPONGA UN CARGO DOCUMENTAL, PERO ÉSTE PODRÍA COBRARSE A LOS COMPRADORES POR EL MANEJO DE LA DOCUMENTACIÓN Y LA PRESTACIÓN DE SERVICIOS EN RELACIÓN CON EL CIERRE DE UNA VENTA. UN CARGO DOCUMENTAL NO PUEDE EXCEDER DE $50 PARA UN CONTRATO DE VEHÍCULO AUTOMOTOR O UNA CANTIDAD RAZONABLE ACORDADA POR LAS PARTES PARA UN CONTRATO DE VEHÍCULO COMERCIAL PESADO. ESTA NOTIFICACIÓN SE EXIGE POR LEY.

M Other Charges (Seller must identify who is paid and describe purpose.)

| | | | |
|---|---|---|---|
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf $ 4292.34 (4)

5 Amount Financed (3 + 4) $ 28242.97 (5)

extra cost. Your decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

| Coverage | Term in Months | Premium |
|---|---|---|
| GAP* | 60 | $574.46 |
| N/A | N/A | $N/A |
| N/A | N/A | $N/A |

*If the vehicle is determined to be a total loss, GAP insurance will pay us the difference between the proceeds of your basic collision policy and the amount you owe on the vehicle, minus your deductible. You can cancel that insurance without charge for 10 days from the date of this contract.
If the box next to a premium for an insurance coverage included above is marked, that premium is not fixed or approved by the Texas Insurance Commissioner.

PROTECTIVE LIFE
(Insurance Company)

N/A
(Home Office Address)

You want the optional coverages for which premiums are included above.

X /s/ _____ 10/20/07
Buyer's signature                Date

X N/A                              N/A
Co-Buyer's signature              Date

LIABILITY INSURANCE: THIS CONTRACT DOES NOT INCLUDE INSURANCE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.

## CONSUMER CREDIT COMMISSIONER NOTICE

To contact FLAGSHIP CREDIT CORPORATION about this account, call (925)942-8909. This contract is subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 N. Lamar Blvd., Austin, Texas 78705-4207; (800) 538-1579; www.occc.state.tx.us; and can be contacted relative to any inquiries or complaints.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

Any change to this contract must be in writing. Both you and we must sign it. No oral changes to this contract are enforceable.

Buyer X /s/ _____    Co-Buyer X _____

See back for other important agreements.

CONSUMER WARNING: Notice to the buyer--Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to a copy of the contract you sign. Under the law, you have the right to pay off in advance all that you owe and under certain conditions may save a portion of the finance charge. You will keep this contract to protect your legal rights.

BUYER'S ACKNOWLEDGEMENT OF CONTRACT RECEIPT: YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT.

Buyer Signs X /s/ _____ Date 10/20/07  Co-Buyer Signs X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Date _____ Address _____
Seller signs REX PERRY AUTOPLEX Date 10/20/07 By X _____ Title _____

THIS CONTRACT IS NOT VALID UNTIL YOU AND WE SIGN IT.

Seller assigns its interest in this contract to FLAGSHIP CREDIT CORPORATION (Assignee) under the terms of Seller's agreement(s) with Assignee

| | | | |
|---|---|---|---|
| H | Government License and/or Registration Fees LIC FEE=$59.80 | $ | 59.80 |
| I | Government Certificate of Title Fees | $ | 28.00 |
| J | Government Vehicle Inspection Fees | $ | 23.75 |
| K | Deputy Service Fee Paid to Dealer | $ | N/A |
| L | Documentary Fee (Cargo Documental) | $ | 50.00 |

A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATING TO THE CLOSING OF A SALE. A DOCUMENTARY FEE MAY NOT EXCEED $50 FOR A MOTOR VEHICLE CONTRACT OR A REASONABLE AMOUNT AGREED TO BY THE PARTIES FOR A HEAVY COMMERCIAL VEHICLE CONTRACT. THIS NOTICE IS REQUIRED BY LAW.

UN CARGO DOCUMENTAL NO ES UN CARGO OFICIAL. LA LEY NO EXIGE QUE SE IMPONGA UN CARGO DOCUMENTAL, PERO ÉSTE PODRÍA COBRARSE A LOS COMPRADORES POR EL MANEJO DE LA DOCUMENTACIÓN Y LA PRESTACIÓN DE SERVICIOS EN RELACIÓN CON EL CIERRE DE UNA VENTA. UN CARGO DOCUMENTAL NO PUEDE EXCEDER DE $50 PARA UN CONTRATO DE VEHÍCULO AUTOMOTOR O UNA CANTIDAD RAZONABLE ACORDADA POR LAS PARTES PARA UN CONTRATO DE VEHÍCULO COMERCIAL PESADO. ESTA NOTIFICACIÓN SE EXIGE POR LEY.

M Other Charges (Seller must identify who is paid and describe purpose.)

| to N/A | for N/A | $ N/A |
|---|---|---|
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf  $ 4292.34 (4)

5 Amount Financed (3 + 4)  $ 28242.97 (5)

"If the vehicle is determined to be a total loss, GAP insurance will pay us the difference between the proceeds of your basic collision policy and the amount you owe on the vehicle, minus your deductible. You can cancel that insurance without charge for 10 days from the date of this contract.
If the box next to a premium for an insurance coverage included above is marked, that premium is not fixed or approved by the Texas Insurance Commissioner.

PROTECTIVE LIFE
(Insurance Company)

N/A
(Home Office Address)

You want the optional coverages for which premiums are included above.

X [signature]  10/20/07
Buyer's signature  Date

X N/A  N/A
Co-Buyer's signature  Date

LIABILITY INSURANCE: THIS CONTRACT DOES NOT INCLUDE INSURANCE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.

---

**CONSUMER CREDIT COMMISSIONER NOTICE**

To contact FLAGSHIP CREDIT CORPORATION about this account, call (925)942-8909. This contract is subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 N. Lamar Blvd., Austin, Texas 78705-4207; (800) 538-1579; www.occc.state.tx.us, and can be contacted relative to any inquiries or complaints.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

Any change to this contract must be in writing. Both you and we must sign it. No oral changes to this contract are enforceable.

Buyer X [signature]  Co-Buyer X

See back for other important agreements.

CONSUMER WARNING: Notice to the buyer—Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to a copy of the contract you sign. Under the law, you have the right to pay off in advance all that you owe and under certain conditions may save a portion of the finance charge. You will keep this contract to protect your legal rights.

BUYER'S ACKNOWLEDGEMENT OF CONTRACT RECEIPT: YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT.

Buyer Signs X [signature] Date 10/20/07  Co-Buyer Signs X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Date _____ Address _____
Seller signs REX PERRY AUTOPLEX  Date 10/20/07  By X _____ Title _____
THIS CONTRACT IS NOT VALID UNTIL YOU AND WE SIGN IT.

Seller assigns its interest in this contract to FLAGSHIP CREDIT CORPORATION (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse  ☒ Assigned without recourse  ☐ Assigned with limited recourse

Seller REX PERRY AUTOPLEX  By _____  Title _____

LAW FORM NO. 553-TX 9/07 U.S. PATENT NO. D495,762
©2007 Reynolds and Reynolds TO ORDER: www.reysource.com; 1-800-344-0996 fax 1-800-431-6055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER / TRUTH IN LENDING COPY

## OTHER TERMS AND CONDITIONS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **HOW WE FIGURE THE FINANCE CHARGE.** We figure the Finance Charge using the true daily earnings method as defined by the Texas Finance Code. Under the true daily earnings method, the Finance Charge will be figured by applying the daily rate to the unpaid portion of the Amount Financed for the number of days the unpaid portion of the Amount Financed is outstanding. The daily rate is 1/365th of the Annual Percentage Rate. The unpaid portion of the Amount Financed does not include late charges or return check charges.
   b. **HOW WE WILL APPLY YOUR PAYMENTS.** We will apply your payments in the following order:
      1. earned but unpaid finance charge; and
      2. to anything else you owe under this agreement.
   c. **HOW LATE OR EARLY PAYMENTS CHANGE WHAT YOU MUST PAY.** We based the Finance Charge, Total of Payments, and Total Sale Price as if all payments were made as scheduled. If you do not timely make all your payments in at least the correct amount, you will have to pay more Finance Charge. If that happens, your last payment will be more than your final scheduled payment, or at our option, you will have to pay more payments of the same amount as your scheduled payment with a smaller last payment. If you make scheduled payments early, your Finance Charge will be reduced (less). If you make your scheduled payments late, your Finance Charge will increase. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **INTEREST AFTER MATURITY.** If you do not pay all you owe when the final payment becomes due, or you do not pay all you owe if we demand payment in full under this contract, you will pay an interest charge on the amount that is still unpaid. That interest charge will be the higher rate of 18% per year or the maximum rate allowed by law, if that rate is higher. The interest charge for this amount will begin the day after the final payment becomes due.
   e. **TRANSFER OF RIGHTS.** We may transfer this contract to another person. That person will then have all our rights, privileges, and remedies.
   f. **SPECIAL PROVISIONS FOR BALLOON PAYMENT CONTRACTS.** A balloon payment is a scheduled payment more than twice the amount of the average of your scheduled payments, other than the downpayment, that are due before the balloon payment. You can pay all you owe when the balloon payment is due and keep your vehicle. If you buy the vehicle primarily for personal, family, or household use, you can enter into a new written agreement to refinance the balloon payment when due without a refinancing fee. If you refinance the balloon payment, your periodic payments will not be larger or more often than the payments in this contract. The annual percentage rate in the new agreement will not be more than the Annual Percentage Rate in this contract. This provision does not apply if your Payment Schedule has been adjusted to your seasonal or irregular income.

2. **YOUR OTHER PROMISES TO US**
   a. **USE AND TRANSFER OF THE VEHICLE.** You will not sell or transfer the vehicle without our written permission. If you do sell or transfer the vehicle, this will not release you from your obligations under this contract, and we may charge you a transfer of equity fee of $25.00 ($50 for a heavy commercial vehicle). You will promptly tell us in writing if you change your address or the address where you keep the vehicle. We agree you may remove the vehicle from the U.S. for 72 hours or less, if the vehicle will continue to be covered by the insurance this contract requires. Otherwise, you agree not to remove the vehicle from the U.S. without our written permission.
   b. **CARE OF THE VEHICLE.** You agree to keep the vehicle free from all liens, and claims except those that secure this contract. You will timely pay all taxes, fines, or charges pertaining to the vehicle. You will keep the vehicle in good repair. You will not allow the vehicle to be seized or placed in jeopardy or use it illegally. You must pay all you owe even if the vehicle is lost, damaged or destroyed. If a third party takes a lien or claim against or possession of the vehicle, we may pay the third party any cost required to free the vehicle from

   g. **RETURNED INSURANCE PREMIUMS AND SERVICE CONTRACT CHARGES.** If we get a refund on insurance or service contracts, or other contracts included in the cash price, we will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.
   h. **APPLICATION OF CREDITS.** Any credit that reduces your debt will apply to your payments in the reverse order of when they are due, unless we decide to apply it to another part of your debt. The amount of the credit and all finance charge or interest on the credit will be applied to your payments in the reverse order of your payments.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **LATE CHARGE.** You will pay us a late charge as agreed to in this contract when it accrues.
   b. **DEFAULT.** You will be in default if:
      1. You do not pay any amount when it is due;
      2. You file bankruptcy, bankruptcy is filed against you, or the vehicle becomes involved in a bankruptcy.
      3. You allow a judgment to be entered against you or the collateral; or
      4. You break any of your promises in this agreement.
      If you default, we can exercise our rights under this contract and our other rights under the law.
   c. **OUR RIGHT TO DEMAND PAYMENT IN FULL.** If you default, or we believe in good faith that you are not going to keep any of your promises, we can demand that you immediately pay all that you owe. We don't have to give you notice that we are demanding or intend to demand immediate payment of all that you owe.
   d. **REPOSSESSION.** If you default, we may repossess the vehicle from you if we do so peacefully. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If any personal items are in the vehicle, we can store them for you and give you written notice at your last known address shown on our records within 15 days of discovering that we have your personal items. If you do not ask for these items back within 31 days from the day we mail or deliver the notice to you, we may dispose of them as applicable law allows. Any accessory, equipment, or replacement part stays with the vehicle.
   e. **YOUR RIGHT TO REDEEM.** If we take your vehicle, we will tell you how much you have to pay to get it back. If you do not pay us to get the vehicle back, we can sell it or take other action allowed by law. Your right to redeem ends when the vehicle is sold or we have entered into a contract for sale or accepted the collateral as full or partial satisfaction of a contract.
   f. **DISPOSITION OF THE VEHICLE.** If you don't pay us to get the vehicle back, we can sell it or take other action allowed by law. We will send you notice at least 10 days before we sell it. We can use the money we get from selling it to pay allowed expenses and to reduce the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left, we will pay it to you unless we must pay it to someone else. If the money from the sale is not enough to pay all you owe, you must pay the rest of what you owe us plus interest. If we take or sell the vehicle, you will give us the certificate of title and any other document required by state law to record transfer of title.
   g. **COLLECTION COSTS.** If we hire an attorney who is not our employee to enforce this contract, you will pay reasonable attorney's fees and court costs as the applicable law allows.
   h. **CANCELLATION OF OPTIONAL INSURANCE AND SERVICE CONTRACTS.** This contract may contain charges for insurance or service contracts or for services included in the cash price. If you default, you agree that we can claim benefits under these contracts to the extent allowable, and terminate them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is damaged or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. INTEGRATION AND SEVERABILITY CLAUSE

Under the true daily earnings method, the Finance Charge will be figured by applying the daily rate to the unpaid portion of the Amount Financed for the number of days the unpaid portion of the Amount Financed is outstanding. The daily rate is 1/365th of the Annual Percentage Rate. The unpaid portion of the Amount Financed does not include late charges or return check charges.

b. HOW WE WILL APPLY YOUR PAYMENTS. We will apply your payments in the following order:
 1. earned but unpaid finance charge; and
 2. to anything else you owe under this agreement.

c. HOW LATE OR EARLY PAYMENTS CHANGE WHAT YOU MUST PAY. We based the Finance Charge, Total of Payments, and Total Sale Price as if all payments were made as scheduled. If you do not timely make all your payments in at least the correct amount, you will have to pay more Finance Charge. If that happens, your last payment will be more than your final scheduled payment, or at our option, you will have to pay more payments of the same amount as your scheduled payment with a smaller last payment. If you make scheduled payments early, your Finance Charge will be reduced (less). If you make your scheduled payments late, your Finance Charge will increase. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. INTEREST AFTER MATURITY. If you do not pay all you owe when the final payment becomes due, or you do not pay all you owe if we demand payment in full under this contract, you will pay an interest charge on the amount that is still unpaid. That interest charge will be the higher rate of 18% per year or the maximum rate allowed by law, if that rate is higher. The interest charge for this amount will begin the day after the final payment becomes due.

e. TRANSFER OF RIGHTS. We may transfer this contract to another person. That person will then have all our rights, privileges, and remedies.

f. SPECIAL PROVISIONS FOR BALLOON PAYMENT CONTRACTS. A balloon payment is a scheduled payment more than twice the amount of the average of your scheduled payments, other than the downpayment, that are due before the balloon payment. You can pay all you owe when the balloon payment is due and keep your vehicle. If you buy the vehicle primarily for personal, family, or household use, you can enter into a new written agreement to refinance the balloon payment when due without a refinancing fee. If you refinance the balloon payment, your periodic payments will not be larger or more often than the payments in this contract. The annual percentage rate in the new agreement will not be more than the Annual Percentage Rate in this contract. This provision does not apply if your Payment Schedule has been adjusted to your seasonal or irregular income.

2. YOUR OTHER PROMISES TO US

a. USE AND TRANSFER OF THE VEHICLE. You will not sell or transfer the vehicle without our written permission. If you do sell or transfer the vehicle, this will not release you from your obligations under this contract, and we may charge you a transfer of equity fee of $25.00 ($50 for a heavy commercial vehicle). You will promptly tell us in writing if you change your address or the address where you keep the vehicle. We agree you may remove the vehicle from the U.S. for 72 hours or less, if the vehicle will continue to be covered by the insurance this contract requires. Otherwise, you agree not to remove the vehicle from the U.S. without our written permission.

b. CARE OF THE VEHICLE. You agree to keep the vehicle free from all liens, and claims except those that secure this contract. You will timely pay all taxes, fines, or charges pertaining to the vehicle. You will keep the vehicle in good repair. You will not allow the vehicle to be seized or placed in jeopardy or use it illegally. You must pay all you owe even if the vehicle is lost, damaged or destroyed. If a third party takes a lien or claim against or possession of the vehicle, we may pay the third party any cost required to free the vehicle from all liens or claims. We may immediately demand that you pay us the amount paid to the third party for the vehicle. If you do not pay this amount, we may repossess the vehicle and add that amount to the amount you owe. If we do not repossess the vehicle, we may still demand that you pay us, but we cannot compute a finance charge on this amount.

c. SECURITY INTEREST. To secure all that you owe on this contract and all your promises in it, you give us a security interest in:

owed under this contract are paid, any remaining refunds will be paid to you.

h. APPLICATION OF CREDITS. Any credit that reduces your debt will apply to your payments in the reverse order of when they are due, unless we decide to apply it to another part of your debt. The amount of the credit and all finance charge or interest on the credit will be applied to your payments in the reverse order of your payments.

3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. LATE CHARGE. You will pay us a late charge as agreed to in this contract when it accrues.

b. DEFAULT. You will be in default if:
 1. You do not pay any amount when it is due;
 2. You file bankruptcy, bankruptcy is filed against you, or the vehicle becomes involved in a bankruptcy.
 3. You allow a judgment to be entered against you or the collateral; or
 4. You break any of your promises in this agreement.
If you default, we can exercise our rights under this contract and our other rights under the law.

c. OUR RIGHT TO DEMAND PAYMENT IN FULL. If you default, or we believe in good faith that you are not going to keep any of your promises, we can demand that you immediately pay all that you owe. We don't have to give you notice that we are demanding or intend to demand immediate payment of all that you owe.

d. REPOSSESSION. If you default, we may repossess the vehicle from you if we do so peacefully. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If any personal items are in the vehicle, we can store them for you and give you written notice at your last known address shown on our records within 15 days of discovering that we have your personal items. If you do not ask for these items back within 31 days from the day we mail or deliver the notice to you, we may dispose of them as applicable law allows. Any accessory, equipment, or replacement part stays with the vehicle.

e. YOUR RIGHT TO REDEEM. If we take your vehicle, we will tell you how much you have to pay to get it back. If you do not pay us to get the vehicle back, we can sell it or take other action allowed by law. Your right to redeem ends when the vehicle is sold or we have entered into a contract for sale or accepted the collateral as full or partial satisfaction of a contract.

f. DISPOSITION OF THE VEHICLE. If you don't pay us to get the vehicle back, we can sell it or take other action allowed by law. We will send you notice at least 10 days before we sell it. We can use the money we get from selling it to pay allowed expenses and to reduce the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left, we will pay it to you unless we must pay it to someone else. If the money from the sale is not enough to pay all you owe, you must pay the rest of what you owe us plus interest. If we take or sell the vehicle, you will give us the certificate of title and any other document required by state law to record transfer of title.

g. COLLECTION COSTS. If we hire an attorney who is not our employee to enforce this contract, you will pay reasonable attorney's fees and court costs as the applicable law allows.

h. CANCELLATION OF OPTIONAL INSURANCE AND SERVICE CONTRACTS. This contract may contain charges for insurance or service contracts or for services included in the cash price. If you default, you agree that we can claim benefits under these contracts to the extent allowable, and terminate them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is damaged or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. INTEGRATION AND SEVERABILITY CLAUSE
This contract contains the entire agreement between you and us relating to the sale and financing of the vehicle. If any part of this contract is not valid, all other parts stay valid.

5. LEGAL LIMITATIONS ON OUR RIGHTS
If we don't enforce our rights every time, we can still enforce them later. We will exercise all of our rights in a lawful way. You don't have to pay finance

1. The vehicle including all accessories and parts now or later attached and any other goods financed in this contract;
2. All insurance proceeds and other proceeds received for the vehicle;
3. Any insurance policy, service contract or other contract financed by us and any proceeds of those contracts; and
4. Any refunds of charges included in this contract for insurance, or service contracts.

This security interest also secures any extension or modification of this contract. The certificate of title must show our security interest in the vehicle.

d. **AGREEMENT TO KEEP VEHICLE INSURED.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle.

e. **OUR RIGHT TO PURCHASE REQUIRED INSURANCE IF YOU FAIL TO KEEP THE VEHICLE INSURED.** If you fail to give us proof that you have insurance, we may buy physical damage insurance. We may buy insurance that covers your interest and our interest in the vehicle, or we may buy insurance that covers our interest only. You will pay the premium for the insurance and a finance charge at the contract rate. If we obtain collateral protection insurance, we will mail notice to your last known address shown in our file.

f. **PHYSICAL DAMAGE INSURANCE PROCEEDS.** You must use physical damage insurance proceeds to repair the vehicle, unless we agree otherwise in writing. However, if the vehicle is a total loss, you must use the insurance proceeds to pay what you owe us. You agree that we can use any proceeds from insurance to repair the vehicle, or we may reduce what you owe under this contract. If we apply insurance proceeds to the amount you owe, they will be applied to your payments in the reverse order of when they are due. If your insurance on the vehicle or credit insurance doesn't pay all you owe, you must pay what is still owed. Once all amounts owed under this contract are paid, any remaining proceeds will be paid to you.

charge or other amounts that are more than the law allows. This provision prevails over all other parts of this contract and over all our other acts.

6. **SELLER'S DISCLAIMER OF WARRANTIES**
Unless the seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

7. Used Car Buyers Guide. The Information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradors de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

8. **APPLICABLE LAW**
Federal and Texas law apply to this contract.

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

This PROVISION applies to this contract only if the vehicle financed in the contract was purchased for personal, family, or household use.

Form No. 553-TX 9/07

# EXHIBIT "B"



Flagship Credit Corporation
PMB 111
1810 Wilmington Pike
Suite 9
Glenmills, PA 19342

## NOTICE OF INTENT TO SELL PROPERTY

March 10, 2008

GLYNN HART
2371 CIRCLE 256
NACOGDOCHES, TX   75965

Account: ▆▆▆▆985
Subject: 2007 HYUNDAI SONATA
Serial Number: ▆▆▆▆▆02439

Flagship Credit Corporation ("Flagship") is in possession of your 2007 HYUNDAI SONATA because you have defaulted on your vehicle loan agreement.

It is Flagship's intention to sell this vehicle at a private sale or auction within 10 days from the date of this letter if you fail to cure the default.

If there were any personal items in the vehicle at the time of repossession, they are being held at a storage location. You have (30) thirty days from the date of repossession to claim your personal property. If the personal property is not claimed within the allotted time, it may be disposed of without liability.

Flagship is still willing to work with you if you are interested in redeeming your vehicle. Please contact us immediately to make the necessary payments arrangements.

Sincerely,

Repossession Department
(877) 201-1333

*If you or your account is subject to a pending bankruptcy or your obligation referenced in this statement has been discharged in bankruptcy, this statement is for informational purposes only. and is not an attempt to collect a debt.*

HC # 58085v2