IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLAGSHIP CREDIT COPRORATION | § | |
|     Plaintiff / Counterclaim Defendant | § | |
| v. | § | NO.  4:10-cv-3616 |
| | § | |
| INDIAN HARBOR | § | |
| INSURANCE COMPANY | § | |
|     Defendant / Counterclaim Plaintiff | § | |

## ANSWER AND COUNTERCLAIM

Defendant/Counterclaim Plaintiff Indian Harbor Insurance Company ("Indian Harbor" or "Counterclaim Plaintiff"), by counsel, answers and responds to the Complaint of Plaintiff/Counterclaim Defendant Flagship Credit Corporation ("Flagship" or "Counterclaim Defendant") on knowledge, information, and belief and states as follows:

## NATURE OF THIS ACTION

1. Paragraph 1 consists of a characterization of the parties and legal conclusions regarding the nature of the claims asserted, to which no response is required.  To the extent that paragraph 1 can be read to include factual allegations, Indian Harbor admits that it issued a professional liability insurance policy to Flagship, and that it has denied indemnification thereunder for the relief sought against Flagship by Glynn Hartt.  To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

2. Indian Harbor admits that Hartt filed a complaint against Flagship, dated December 10, 2009, in the Court of Common Pleas for Philadelphia County, Pennsylvania, and that Flagship subsequently removed that action to the United States District Court for the Eastern District of Pennsylvania, where it bears the docket number 2:10-cv-822 (the "Hartt Action").  To the extent that Paragraph 2 otherwise states legal conclusions, no response is required.  To the extent a

response is otherwise deemed required, Indian Harbor denies the allegations of Paragraph 2 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## THE PARTIES AND JURISDICTION

3. Indian Harbor admits that Flagship is a Delaware corporation with principal place of business in Pennsylvania.

4. Indian Harbor admits that it is a North Dakota corporation with home office address of 314 East Thayer Avenue, Bismark, ND 58501, and with executive office address of 70 Seaview Avenue, Stamford, CT 06902.

5. Indian Harbor denies that it is a wholly-owned subsidiary of "XL Insurance," and avers that it is a wholly-owned subsidiary of XL Specialty Insurance Company. Indian Harbor admits that it does business as an insurer throughout the United States, including in Texas, and that it is in the business of selling professional liability insurance.

6. Admitted.

7. Indian Harbor is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and on that basis denies the allegations.

8. While the operative documents in the Hartt Action speak for themselves, Indian Harbor admits that the Hartt Action complaint seeks to certify a class of persons who currently have Texas addresses and to whom Flagship at some point sent certain notices. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Paragraph 9 purports to characterize the contents of the operative pleadings in the Hartt Action, which speak for themselves.

10. Indian Harbor admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because complete diversity exists between the parties and because the amount in controversy is greater than $75,000.

11. Indian Harbor admits that the Southern District of Texas is a permissible venue for this action under 28 U.S.C. § 1391(a)(1) because Indian Harbor is deemed to reside in the Southern District of Texas pursuant to § 1391(c). Indian Harbor otherwise denies the allegations of Paragraph 11.

## THE RELEVANT FACTS

12. Indian Harbor admits that it issued Miscellaneous Professional Liability Insurance Policy Number ELU110773-09 (the "Policy") to Flagship Credit Corporation for the Policy Period April 20, 2009 to April 20, 2010, and that the Policy, subject to all of its terms, conditions, and exclusions, has a $3,000,000 limit of liability, including Defense Expenses, subject to a Retention of $500,000 each Claim. Indian Harbor denies that the exhibit attached to Flagship's Complaint is a complete copy of the Policy. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

13. Indian Harbor denies that Flagship's characterization of the Policy fully and accurately sets forth the terms of the Policy and/or Indian Harbor's duties and obligations thereunder, and states that the Policy speaks for itself. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

14. Indian Harbor admits that the Hartt Action is a "Claim" as defined in the Policy.

15. Indian Harbor denies that Flagship's characterization of the Policy fully and accurately sets forth the terms of the Policy and/or Indian Harbor's duties and obligations thereunder, and states that the Policy speaks for itself. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

16.     Paragraph 16 purports to characterize the contents of the operative pleadings in the Hartt Action, which speak for themselves. Indian Harbor admits that the Hartt Action Amended Complaint, ¶ 1, states "[t]his is a consumer class action . . . brought pursuant to the Texas version of the Uniform Commercial Code." Indian Harbor denies that the phrase appearing after the open quotation mark in Paragraph 16 appears in either the Hartt Action Complaint or the Hartt Action Amended Complaint. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

17.     Indian Harbor admits that Hartt filed an Amended Complaint bearing the date March 10, 2010. To the extent Paragraph 17 purports to characterize the Amended Complaint, that document speaks for itself. Indian Harbor admits that Exhibit B attached to Flagship's Complaint is a copy of the Hartt Action Amended Complaint. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

18.     Paragraph 18 purports to characterize to contents of the operative pleadings in the Hartt Action, which speak for themselves. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

19.     Indian Harbor admits that Flagship tendered the Hartt Action Complaint to Indian Harbor on February 1, 2010, by correspondence dated January 29, 2010 and dated February 1, 2010, both received by Indian Harbor on February 1, 2010. Indian Harbor otherwise denies the allegations of Paragraph 19.

20.     Denied. On February 4, 2010, Indian Harbor sent a letter to Flagship that advised that Indian Harbor was reviewing correspondence received from Flagship. Indian Harbor denies that Paragraph 20 accurately characterizes that letter, which speaks for itself.

21.     Indian Harbor admits that it sent a letter to Flagship on February 8, 2010. Paragraph 21 purports to characterize the contents of that letter, which speaks for itself. Indian Harbor admits

that in that letter, among other things, it quoted the Policy's definition of Loss and stated that "Indian Harbor reserves the right to deny coverage for any amount that does not constitute Loss under the Policy or that does not give rise to financial detriment that is covered by insurance, including any amount to which an Insured was not legally entitled or amounts that are in the nature of fines, penalties or taxes imposed by law."

22. Denied.

23. Indian Harbor admits that the parties to the Hartt Action scheduled a mediation for October 7, 2010. Indian Harbor further avers that the parties actually conducted a mediation on that day, with Indian Harbor's participation. To the extent paragraph 23 purports to characterize the motives of the parties to the Hartt Action, Indian Harbor is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

24. Indian Harbor admits that September 20, 2010 is less than three weeks before October 7, 2010. Indian Harbor admits that its counsel sent a letter to Flagship's defense counsel on September 20, 2010, which letter speaks for itself. Indian Harbor admits that the September 20 letter states that "[b]ased on the information provided to date, it appears that the relief being sought in the Hartt Action does not constitute covered Loss under the Policy," that it later states "[a]ccordingly, while Indian Harbor will continue to advance Defense Expenses, the relief being sought is not covered under the Policy," that it quotes the Policy definition of Loss, and that it analyzes the relief sought in the Hartt Action under that definition. Indian Harbor denies that the September 20, 2010 letter characterized the Policy's provisions relating to "penalties" as an exclusion. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

25. Paragraph 25 purports to characterize a Texas statute, which speaks for itself. Indian Harbor denies that Texas Business and Commerce Code § 9.625(c)(2) does not provide for the

recovery of a "penalty," and avers that the section does provide for the recovery of a penalty. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

26. Indian Harbor admits that on October 1, 2010, Flagship's counsel wrote a letter to Indian Harbor's counsel, which letter speaks for itself. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

27. Indian Harbor admits that the Hartt Action seeks penalty damages that the Policy does not cover. To the extent not specifically admitted, Indian Harbor denies the allegations of this paragraph.

### COUNT ONE:  DECLARATORY JUDGMENT

28. Indian Harbor repeats its responses set forth in paragraphs 1-27 above.

29. Indian Harbor admits that an actual justiciable controversy exists between Flagship and Indian Harbor concerning coverage under the Policy for Flagship's proposed settlement of the Hartt Action.

30. Indian Harbor denies the allegations of Paragraph 30, and denies that Flagship is entitled to the relief sought in the unnumbered Wherefore paragraph.

### COUNT TWO:  BREACH OF CONTRACT

31. Indian Harbor repeats its responses set forth in paragraphs 1-31 above.

32. Indian Harbor denies the allegations of Paragraph 32, and denies that Flagship is entitled to the relief sought in the unnumbered Wherefore paragraph.

### AFFIRMATIVE DEFENSES

1. Indian Harbor denies each and every allegation contained in the Complaint that it has not specifically admitted and demands strict proof thereof with respect to all allegations.

2. Indemnification coverage for the Hartt Action is barred by the terms and conditions of the Policy.

3. The Hartt Action seeks to recover penalties, which are amounts that are not covered Loss within the Policy's insuring agreement.

4. The Hartt Action seeks to recover penalties which are punitive and not insurable under the law pursuant to which the Policy is construed, and hence seeks amounts that are not within the Policy's insuring agreement as covered Loss.

5. The Hartt Action seeks to recover amounts that may be barred from coverage in whole or in part by Policy § III(A), which excludes from coverage Loss brought about or contributed to in fact by any willful violation of any statute, rule or law.

6. Coverage for the Hartt Action may be unavailable under the Policy pursuant to Endorsement 4, which precludes coverage for Claims arising from facts, circumstances, or situations of which any Insured had knowledge prior the inception of the Policy.

7. To the extent coverage exists for the Hartt Action, an allocation of Loss between the portion of Loss covered under the Policy and the portion of Loss not covered under the Policy will be required pursuant to Policy § V(D).

8. This action is barred by Flagship's breach of the § VI(I) of the Policy, by which Flagship agreed not to bring any action against Indian Harbor until the fulfillment of certain conditions precedent, which have not been fulfilled.

9. Flagship's claims are or may be barred, in whole or in part, for the reasons set forth in Indian Harbor's Counterclaim.

10. Any coverage provided by Indian Harbor is subject to and limited by all of the provisions, limitations, conditions, definitions, retentions, and exclusions of the Policy. Indian Harbor reserves the right to affirmatively raise any terms, conditions, and exclusions of the Policy as appropriate.

11. The Complaint fails to state a claim or cause of action upon which relief can be

granted against Indian Harbor.

12. Indian Harbor reserves the right to affirmatively assert any other matter that constitutes an avoidance or affirmative defense under applicable laws and rules.

## COUNTERCLAIM

Counterclaim Plaintiff Indian Harbor Insurance Company, for its Counterclaim for Declaratory Relief, alleges on knowledge, information, and belief:

1. Indian Harbor asserts this counterclaim to obtain a judicial determination and declaration that Miscellaneous Professional Liability Insurance Policy Number ELU110773-09 (the "Policy") provides no indemnity coverage for the relief sought in the Hartt Action.

2. An actual and justiciable controversy currently exists relating to the parties' respective rights, duties, and obligations under the Policy.

3. Counterclaim Plaintiff Indian Harbor is a North Dakota corporation with its principal place of business in Connecticut. Indian Harbor legally transacts business in Texas and within the geographic jurisdiction of the United States District Court for the Southern District of Texas.

4. Counterclaim Defendant Flagship Credit Corporation is a Delaware corporation with principal place of business in Pennsylvania.

## JURISDICTION AND VENUE

5. This is a counterclaim by Indian Harbor pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and obligations under the Policy. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists between Indian Harbor and Flagship, and the amount in controversy exceeds $75,000, exclusive of interest and costs. An actual controversy exists between the parties within the meaning of § 2201.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a)(1) because Flagship is deemed to reside within the Southern District of Texas pursuant to § 1391(c).

## THE INSURANCE POLICY

7. Indian Harbor issued Miscellaneous Professional Liability Insurance Policy Number ELU110773-09 (the "Policy") to Flagship Credit Corporation for the Policy Period April 20, 2009 to April 20, 2010. A true and correct copy of the Policy is attached hereto as Exhibit A, and is incorporated by reference.

8. Flagship applied for the Policy by submitting an application with its Pennsylvania address.

9. Indian Harbor provided a quotation for Flagship that listed Flagship's Pennsylvania address.

10. Indian Harbor bound insurance coverage for Flagship by issuing a binder that listed Flagship's Pennsylvania address.

11. Indian Harbor issued the Policy to Flagship at its address in Chadds Ford, Pennsylvania. Policy, Declarations, Item 1.

12. The Policy's Endorsement 1 designates the Commissioner of Insurance of the State of Pennsylvania for service of process on Indian Harbor. The Policy includes other Pennsylvania-specific provisions.

13. The Policy, subject to all of its terms, conditions, and exclusions, has a $3,000,000 limit of liability, including Defense Expenses,[1] and has a Retention of $500,000 each Claim.

14. The Policy provides that, subject to all of its terms and conditions, Indian Harbor "shall pay on behalf of the Insured Loss resulting from a Claim first made against the Insured

---

[1] Capitalized terms that and not defined herein also are capitalized and defined in the Policy and carry the same meaning herein.

during the Policy Period or, if applicable, the Optional Extension Period, for a Wrongful Act." Policy, § I.

15. The Policy defines "Loss" as "damages, judgments, settlements or other amounts (including punitive or exemplary damages, where insurable by law) and Defense Expenses in excess of the Retention that the Insured is legally obligated to pay. Loss will not include: (1) the multiplied portion of any damage award; (2) fines, penalties or taxes imposed by law; or (3) matters which are uninsurable under the law pursuant to which this Policy is construed." Policy, § II(G).

16. The Policy provides no coverage for amounts that are penalties.

17. Because Indian Harbor issued the Policy in Pennsylvania with Pennsylvania-specific language to a Pennsylvania insured, Pennsylvania law applies to construction of the Policy.

18. The Policy provides no coverage for amounts that are uninsurable under Pennsylvania law.

## FACTUAL BACKGROUND

19. This coverage litigation arises out of a lawsuit filed against Flagship by Glynn Hartt (the "Hartt Action"). The Hartt Action is currently pending in the Eastern District of Pennsylvania under docket number 2:10-cv-822.

20. The Hartt Action Amended Complaint (attached to Flagship's Complaint as Exhibit B) contains one cause of action for relief under the Uniform Commercial Code, as codified at Tex. Bus. & Com. Code Ann. § 9.625(c). The Hartt Action Amended Complaint states, at paragraphs 24-25, that it seeks damages under § 9.625(c)(2).

21. On April 21, 2010, Hartt filed a Memorandum of Law Regarding Issues of First Impression Under Texas Law. On page 8 of the Memorandum, Hartt states: "Flagship appears to imply that Hartt is seeking both actual damages and statutory damages, a form of double relief which is prohibited by *Guex*, 677 [sic] S.W.2d at 30. A review of Hartt's Amended Complaint in

this Court, however, indicates that Hartt is seeking only statutory damages on behalf of himself and the putative class."

22. On pages 8-9 of the Memorandum, Hartt states: "To the extent that any member of a certified class has actual damages in excess of the statutory minimum formula, that person will therefore be entitled to opt-out and pursue that relief in an individual case."

23. On July 7, 2010, Judge Shapiro entered a Memorandum opinion in the Hartt Action. On page 7 of the Memorandum, Judge Shapiro stated: "Hartt concedes that the class will only seek recovery of the statutory minimum. Class members with actual damages exceeding the minimum statutory uniform damages will be afforded an opportunity to opt out of the class to pursue their own claims."

24. The Hartt Action does not seek to prove any actual damages that a class member suffered because of Flagship's allegedly deficient notice, but rather seeks to prove and recover only statutory damages under § 9.625(c)(2).

25. Section 9.625(c)(2) provides: "if the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this subchapter may recover for that failure in any event an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time price differential plus 10 percent of the cash price."

26. The Commentary to Section 9.625(c)(2) provides: "Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary obligor in a consumer-goods transaction. It is patterned on former Section 9-507(1) and is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may have resulted. Subsection (c)(2) leaves the treatment of statutory damages as it was under former Article 9."

27. Numerous Texas cases interpreting former Section 9-507(1) of the Texas Business and Commerce Code characterize that subsection as providing for a "penalty."

28. In correspondence with Indian Harbor, counsel for Flagship repeatedly characterized the relief sought in the Hartt action as a "statutory penalty" and a "penalty."

29. The Hartt Action seeks relief that is a "penalty" under applicable law.

30. The Hartt Action seeks relief that is uninsurable under Pennsylvania law.

31. Indian Harbor has agreed to advance Defense Expenses in excess of the Policy Retention to Flagship for its defense of the Hartt Action.

32. On October 1, 2010, Flagship accused Indian Harbor of having committed a "material breach" of the Policy.

33. On October 13, 2010, Flagship tendered certain settlement documents in connection with the Hartt Action to Indian Harbor.

34. On October 13, 2010, Flagship demanded in writing that "Indian Harbor Insurance [sic] . . . indemnify Flagship for the full amount of this settlement."

## COUNT I

**For A Declaration That No Indemnification Coverage Exists for the Hartt Action**

35. Indian Harbor realleges and incorporates by reference the allegations in Paragraphs 1 to 34 of this Counterclaim.

36. The Hartt Action does not fall within the Policy's coverage grant because it seeks amounts that are penalties and/or are uninsurable under applicable law.

37. The Hartt Action seeks amounts that are penalties.

38. Because the Hartt Action seeks amounts that are penalties, the Policy does not provide indemnification coverage for the relief the Hartt Action seeks.

39. To the extent the relief sought in the Hartt Action were deemed to be punitive damages rather than penalty damages, the Hartt Action seeks amounts that are uninsurable under applicable law.

40. By reason of the foregoing, Indian Harbor is entitled to a judgment declaring that it has no duty to indemnify Flagship under the Policy in connection with the Hartt Action.

WHEREFORE, Indian Harbor respectfully requests that this Court enter judgment in its favor and declare that Indian Harbor has no obligation to indemnify Flagship for the Hartt Action, and more specifically:

A. Enter judgment that the Policy does not provide coverage for the Hartt Action because the Hartt Action seeks amounts that are a penalty; or, alternatively,

B. Enter judgment that the Policy does not provide coverage for the Hartt Action because the Hartt Action seeks amounts that are uninsurable under applicable law; and

C. Award Indian Harbor its costs incurred in this action; and

D. Award Indian Harbor all other relief to which it may be entitled.

Respectfully submitted,

WATT BECKWORTH
THOMPSON & HENNEMAN, L.L.P.

*/s/ Joseph G. Thompson, III*
Joseph G. Thompson, III
Texas Bar No. 00788534
Federal Bar No. 16780
711 Louisiana, Suite 1800
Pennzoil Place - South Tower
Houston, Texas 77002
Phone: 713-650-8100
Fax: 713-650-8141
jthompson@wattbeckworth.com

OF COUNSEL:

WATT BECKWORTH
THOMPSON & HENNEMAN, L.L.P.

   André C. deLaunay
   Texas Bar No. 24050495
   Federal Bar No. 616392
   711 Louisiana, Suite 1800
   Pennzoil Place - South Tower
   Houston, Texas  77002
   Phone:  (713) 650-8100
   Fax:  (713) 650-8141
   adelaunay@wattbeckworth.com

WILEY REIN LLP

   David H. Topol
   D.C. Bar No. 440209
   Charles C. Lemley
   D.C. Bar No. 449458
   1776 K Street NW
   Washington, DC  20006
   Phone:  (202) 719-7000
   Fax:  (202) 719-7049
   dtopol@wileyrein.com
   clemley@wileyrein.com

**ATTORNEYS FOR DEFENDANT/COUNTERCLAIM-PLAINTIFF
INDIAN HARBOR INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

   I certify that a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure by electronic mail to all counsel of record by the Clerk of the Court via CM/ECF system on November 1, 2010.

                                            */s/ Joseph G. Thompson, III*
                                            Joseph G. Thompson, III